288 F.2d 663
 WEST TENNESSEE LIMESTONE CO., Inc., Appellant,
v.
FEDERAL BARGE LINES, INC., William A. Ledbetter, et al., and Mildred Browne, as Administratrix of the Estate of Annabelle Cash, Appellees.
FEDERAL BARGE LINES, INC., Appellant,
v.
WEST TENNESSEE LIMESTONE CO., Inc., William A. Ledbetter, et al., and Mildred Browne, as Administratrix of the Estate of Annabelle Cash, Appellees.
 No. 14131.
 No. 14132.
 United States Court of Appeals Sixth Circuit.
 March 27, 1961.
 
 Leonard J. Matteson, New York City (Norvell & Minnick, Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., Bigham, Englar, Jones & Houston, New York City, Norman R. Minick, Nashville, Tenn., Donald M. Waesche, Jr., New York City, on the brief), for West Tennessee Limestone Co.
 Wilder Lucas, St. Louis, Mo. (Lemle & Kelleher, New Orleans, La., Glasgow & Adams, Nashville, Tenn., Charles Kohlmeyer Jr., New Orleans, La., S. McP. Glasgow, Jr., Nashville, Tenn., on the brief), for Federal Barge Lines, Inc.
 Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves cross appeals from a decree in admiralty. West Tennessee Limestone Company and Federal Barge Lines, Inc., as owners of towboats involved in a collision in the Mississippi River, each charged in their respective libels that the sole fault for such collision was upon the other. Involved also is the petition of West Tennessee Limestone Company for limitation of its liability (Title 46 U.S.C.A. §§ 183-189) to the value of its said towboat, the Elmore Foster, and various claims of members of the crew of the last mentioned boat. The district judge held that both boats were at fault, that the West Tennessee Limestone Company was entitled to invoke the mentioned statute to limit its liability, and entered a decree in accordance with his Findings of Fact and Conclusions of Law.
 
 
 2
 The questions presented here are wholly factual. Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. the Findings of Fact of a trial judge, sitting without a jury, will not be set aside unless clearly erroneous. That rule, as such, is not applicable to a proceeding in admiralty. [Rule 81(a) (1) Federal Rules of Civil Procedure.] However, our power to review and set aside such Findings of Fact in an admiralty case is limited generally to that set forth in said Rule 52(a). McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Imperial Oil, Limited v. Drlik, 6 Cir., 1956, 234 F.2d 4, 10; United States v. Standard Oil Co. of Kentucky, 6 Cir., 1954, 217 F.2d 539, 540.
 
 
 3
 From our review of the record and the briefs and arguments of counsel before us, we are not persuaded that the trial judge's Findings of Fact are clearly erroneous. His conclusions of the law to be applied to the facts found are correct. The decree is affirmed on the Findings of Fact and Conclusions of Law of the District Judge.